UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TERESA CURRIA,

Plaintiff

v. C.A. No.

BLUE CROSS & BLUE SHIELD
OF RHODE ISLAND;
MASSMUTUAL BENEFITS
MANAGEMENT, INC.; MASSACHUSETTS
MUTUAL LIFE INSURANCE COMPANY; AND
MASSMUTUAL FINANCIAL GROUP

CA 06 266 ML

Defendants

**VERIFIED COMPLAINT**

INTRODUCTORY STATEMENT

This action is commenced by TERESA CURRIA hereinafter "Plaintiff" or "Curria") against BLUE CROSS & BLUE SHIELD OF RHODE ISLAND and MASSMUTUAL BENEFITS MANAGEMENT, INC.; MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; AND MASSMUTUAL FINANCIAL GROUP (hereinafter "Defendants" or "Employers" or "Administrators") in order to recover benefits due, enforce statutory rights, and/or to clarify rights to future benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001-1461, in addition to certain statutory and common law claims.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. Section 1331 and 29 U.S.C. 1132(e), with respect to issues arising under federal statutory law.

2. Venue is proper in this Court pursuant to 28 U.S.C. 1391 (b) and (c), because, inter alia:

a. the unlawful practices complained of herein were committed in this judicial district;

b. all records relevant to the allegations at issue herein are maintained and administered in this judicial district;

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of her pension benefit plan, in this judicial district, but for the Defendants' unlawful practices.

3. The practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this Court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

THE PARTIES

4. The Plaintiff, Teresa Curria, is a resident of the town of Warren, Rhode Island.

5. The Defendant BLUE CROSS & BLUE SHIELD OF RHODE ISLAND,

is a domestic corporation, believed to maintain a principal place of business at 444 Westminster Street; Providence, RI 02903, and conducting business in the State of Rhode Island, by providing insurance services to various clients. Defendants MASSMUTUAL BENEFITS MANAGEMENT, INC.; MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; AND MASSMUTUAL FINANCIAL GROUP are believed to be foreign corporations, all or one of which served at times pertinent to the Complaint as the Administrator of the employee benefit plan(s) at issue in this action.

6. At all times pertinent to the allegations of this Complaint, the Defendant conducted business, and is continuing to conduct business, in the State of Rhode Island.

7. At all times pertinent to the allegations of this Complaint, the following individuals were employees of the Defendant and/or its pertinent affiliates, and held the status of persons acting in the interest of, on behalf of, or as agents of the Defendant:

a. James E. Purcell, Chief Operating Officer and Executive Vice President
b. Ronald A. Battitsta, President and CEO
c. Eric Gasbarro, Director of Human Resources
d. Dave Wiggins, Manager Compensation and Administrative Programs

FACTS APPLICABLE TO EACH COUNT

8. At all times material to this Complaint, Plaintiff was an employee of Defendant BCBSRI. Plaintiff had been employed by the Defendant for approximately 32 years, at the times pertinent to this Complaint.

9. Defendant maintains and administers an Employee Benefit Plan, entitled Blue Cross & Blue Shield of Rhode Island Retirement Plan ("Plan"), providing certain retirement benefits to its employees, including Plaintiff.

10. BCBSRI maintains a contract and agreement with Massachusetts Mutual Life Insurance Company, and/or one of its agents/subsidiary companies to serve as the Plan Administrator of the Employee Benefit Plan at issue in this action, with all appropriate and necessary fiduciary responsibility for the review and determination of claims for benefits and eligibility under federal law.

11. During or about the spring of 2003, Plaintiff was informed by her Employer, in the form of a letter from Chief Operating Officer, James E. Purcell, that her job duties were being transitioned to another company, Perot Systems Corporation. This transition was characterized as a permanent reduction in the workforce of BCBSRI.

12. As a result of the BCBSRI's transition of certain functions to Perot Systems, Plaintiff and other certain employees lost certain retirement benefits, paid health insurance benefits, and life insurance benefits.

13. BCBSRI had an agreement with Perot Systems that employment be provided by Perot Systems to affected employees who needed employment and were in the group being outsourced to Perot Systems.

14. Plaintiff voiced her concerns to appropriate company authorities, including but not limited to Ronald A. Battista, President and CEO.

15. Battista responded to the Plaintiff by letter, dated June 3, 2003, that he could take no action to alleviate Plaintiff's concerns regarding the impact on her retirement benefits, brought about by the transition of her duties to Perot Systems.

16. Battista stated in writing that "there is no fair or equitable method to determine a cut-off date to expand benefits…No matter where the eligibility line is established, some employees will be impacted."

17. In order for the Plaintiff to obtain employment with Perot Systems, she was required to sign a General Release, entailing a waiver of any claims she might have against BCBSRI, among other provisions.

18. Plaintiff's opportunity for employment with Perot Systems was dependent upon Plaintiff executing the above-referenced Release. In other words, if Plaintiff did not sign the release, she would not have employment with either Perot Systems or BCBSRI. She would be terminated.

19. Before signing the above-referenced Release, Plaintiff was assured by BCBBSRI authorities, including Director of Human Resources Eric Gasbarro, that the retirement plan at issue would be applied fairly and legally according to the terms of the plan. Plaintiff was told that the plan could not be changed to serve the advantage of any particular group, and would be enforced as written.

20. In determining whether she should execute the above-referenced Release, Plaintiff relied on the material assurances of BCBSRI authorities that the terms of the plan regarding retirement benefits and continued health and life insurance would be applied uniformly and fairly, consistent with the terms of the existing policy plan(s). Plaintiff was informed that benefits for "transitioned" employees would be calculated as of the transition date.

21. On or about April 23, 2003, based upon the representations of the Employer, Plaintiff was induced to sign the above-referenced Release.

22. On or about June 3, 2003, Plaintiff transitioned into a new position with Perot Systems.

23. Following her transition to Perot Systems, information came to Plaintiff's attention indicating that certain employees with 25 or more years of service were being

accorded special treatment, in certain instances, relative to retirement, healthcare benefits, and life insurance benefits.

24. It came to Plaintiff's attention that certain employees who would reach the age of 55 by December 31, 2003, substantially past the transition date in early June of 2003, received certain special considerations in terms of increased pension benefits, healthcare coverage, and life insurance.

25. Although Plaintiff had over 32 years of service with BCBSRI, at the time of the transition, she would not reach the age of 55 prior to December 31, 2003. Plaintiff's date of birth is 1/22/50, and she was 53 at the time of the events at issue in this Complaint.

26. Based on Plaintiff's information and belief, certain employees were accorded special treatment, denied the Plaintiff, in that they were not held to the requirement noted in the applicable plan(s) that an employee must "be in the active employ of the company at the time [he/she would] qualify for the benefits under either the National Long Term Disability Program or the Blue Cross & Blue Shield of Rhode Island retirement plan and have been hired prior to January 1, 1992. [Emphasis added.]

27. As noted above, Plaintiff was born January 22, 1950.

28. Plaintiff's original hire date was October 5, 1970. (Following a brief leave for pregnancy, Plaintiff's hire date was readjusted to February 1, 1971.)

29. Defendants' representatives and agents, including but not limited to those referenced above, have failed and refused to consistently and fairly apply the terms of the plan(s) at issue, and, have acted arbitrarily and capriciously, and without good cause, in denying the Plaintiff certain retirement benefits, continued healthcare coverage, and life insurance benefits.

30. On information and belief, Defendants have unreasonably failed and refused to accord Plaintiff the same treatment accorded certain other employees who, like the Plaintiff, did not reach age 55 prior to the transition of positions/duties to Perot Systems.

COUNT I
EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974
29 U.S.C. SECTION 1001-1461

31. The allegations contained in Paragraphs 1-30, above, are incorporated herein by reference in their entirety.

32. Defendants, maintain and/or administer, inter alia, retirement, health and insurance plans qualifying as an employee benefit plan(s) pursuant to provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001-1461 (ERISA.)

33. Plaintiff qualifies as a participant and/or beneficiary of one or more employee benefit plans maintained by the Defendants, within the meaning of 29 U.S.C. 1132(a).

34. §502(a)(1)(B) of ERISA, 29 U.S.C.S. §1132(a)(1)(B), gives a participant or beneficiary of a plan that is covered by ERISA the right to bring a civil action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

35. ERISA, 29 U.S.C.S. §§1001-1461, requires a plan to provide participants with adequate notice of the reasons for denying benefits and to afford a reasonable opportunity for a full and fair review.

36. Plaintiff has never been apprised that certain similarly-situated employees were being treated differently under the plan(s) or given the opportunity to object and seek a full and fair review.

37. Plaintiff was discriminated against in Defendants' administration of the benefits of those plans at issue in this action, in violation of ERISA.

38. By its arbitrary and capricious failure and refusal to find the Plaintiff eligible for the benefits to which she is entitled, and/or by denying the Plaintiff opportunity for a full and fair review; and/or denying Plaintiff the opportunity to clarify

her rights to future benefits, Plaintiff was treated unlawfully by Defendants with respect to Defendants' administration of benefits under the plans at issue in this action, pursuant to the terms of ERISA.

WHEREFORE, Plaintiff prays judgment be entered against the Defendant, jointly and severally, and in favor of the Plaintiff for all relief sought.

COUNT II
BREACH OF CONTRACT

39. The allegations contained in Paragraphs 1-30, above, are incorporated herein by reference in their entirety.

40. The implicit consideration inducing Plaintiff to sign the above-referenced Release, was Defendants' promise that she would be treated in a fair and consistent manner, according to the plan(s) at issue, and like all other similarly situated employees.

41. Defendants have breached the terms of the Release, and their contractual obligations thereunder.

WHEREFORE, Plaintiff prays judgment be entered against the Defendant, jointly and severally, and in favor of the Plaintiff for all relief sought.

COUNT III
MISREPRESENTATION

42. The allegations contained in Paragraphs 1-30, above, are incorporated herein by reference in their entirety.

43. A material inducement for Plaintiff to execute the above-referenced Release was Defendants' promises, as referenced in Paragraph 40, above.

44. Defendants' misrepresented to Plaintiff her status and treatment under the plan(s) at issue, and their intentions relative to certain similarly-situated employees.

45. Had it not been for the Defendants' misrepresentations, Plaintiff would not have executed the above-referenced Release.

WHEREFORE, Plaintiff prays judgment be entered against the Defendant, jointly and severally, and in favor of the Plaintiff for all relief sought.

PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including but not limited to the following:

(a) an order that the Defendants institute and carry out practices, policies and programs which provide lawful treatment to qualified individuals;

(b) an order that the Defendants make whole the Plaintiff with the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative

relief necessary to eradicate the effects of its unlawful practices, including, but not limited to the award to Plaintiff of the retirement, healthcare and life insurance benefits to which she is rightfully due;

(c) an order that the General Release signed by Plaintiff be found void and without effect;

(d) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses;

(e) an order the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages; as well as any special damages provided by ERISA.

(f) grant attorney's fees and the costs of this action;

(g) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

(h) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued.

(i) grant such further relief as this court deems necessary and proper.

VERIFICATION

I verify that I have read the factual allegations contained above, that I have personal knowledge of the facts, and that the facts stated in this Complaint are true to the best of my knowledge and recollection. The foregoing statements are signed under the pains and penalties of perjury on this 30th day of May 2006.

Teresa Curria

Teresa Curria

NOTARY

On this the 30th day of May, 2006, the above appeared before me, and personally known to me, and being first sworn, deposed that the foregoing statements are true.

Brie Fanning

NOTARY PUBLIC

My commission expires: 8/13/07

BRIE FANNING
Notary Public of Rhode Island
My Commission Expires 8/13/2007

Respectfully Submitted,
Teresa Curria
By Her Attorney,

Stephen T. Fanning

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)