UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TERESA CURRIA<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS & BLUE SHIELD<br>OF RHODE ISLAND;<br>MASSMUTUAL BENEFITS<br>MANAGEMENT, INC.; MASSACHUSETTS<br>MUTUAL LIFE INSURANCE COMPANY;<br>and MASSMUTUAL FINANCIAL GROUP<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-266-ML |

**DEFENDANTS MASSMUTUAL BENEFITS MANAGEMENT, INC., MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, AND MASSMUTUAL FINANCIAL GROUP'S MOTION TO DISMISS <u>PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>**

Defendants Massachusetts Mutual Life Insurance Company, MassMutual Financial Group, and MassMutual Benefits Management, Inc. (collectively, "MassMutual") hereby move to dismiss all claims asserted in Plaintiff Teresa Curria's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its Motion, MassMutual relies on the accompanying Memorandum of Law.

MASSMUTUAL BENEFITS MANGEMENT, INC., MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, and MASSMUTUAL FINANCIAL GROUP

By Their Attorneys,

/s/ Stephen M. Prignano
/s/ Raymond M. Ripple

Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TERESA CURRIA<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS & BLUE SHIELD OF RHODE ISLAND; MASSMUTUAL BENEFITS MANAGEMENT, INC.; MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; and MASSMUTUAL FINANCIAL GROUP<br><br>Defendants. | ) | C.A. No. 06-266-ML |

**MEMORANDUM OF LAW IN SUPPORT OF THE MASSMUTUAL DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendants Massachusetts Mutual Life Insurance Company, MassMutual Financial Group, and MassMutual Benefits Management, Inc.[1] (collectively, "MassMutual") hereby submit this Memorandum of Law in support of their Motion to Dismiss all counts in Plaintiff Teresa Curria's ("Plaintiff") Verified Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

In her Verified Complaint, Plaintiff alleges that MassMutual and Blue Cross & Blue Shield of Rhode Island ("BCBSRI") violated the strictures of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., by failing to maintain or administer BCBSRI's Employee Retirement Plan in a non-discriminatory manner. Plaintiff also alleges state law claims for breach of contract and misrepresentation against both MassMutual and BCBSRI.

[1] MassMutual Benefits Management, Inc., although named as a defendant in this lawsuit, does not exist. However, defenses to this action that apply to MassMutual would also apply to MassMutual Benefits Management, Inc.

MassMutual is entitled to judgment as a matter of law as to all counts of Plaintiff's Verified Complaint because, even assuming the truth of the allegations asserted therein, the Plaintiff fails to allege any facts whatsoever that could establish liability on the part of MassMutual. While MassMutual agreed to perform certain non-discretionary administrative services for BCBSRI's Retirement Plan pursuant to a Defined Benefit Services Agreement, MassMutual has no discretionary authority with respect to the Plan, the administration of the Plan, or assets maintained by the Plan. Furthermore, Plaintiff has failed to allege any contractual agreement between herself and MassMutual; Plaintiff's breach of contract claim against MassMutual therefore fails as a matter of law. Moreover, with respect to her misrepresentation claim, Plaintiff has failed to allege that MassMutual made any representations to her with respect to her eligibility for benefits under the Plan. Therefore, Plaintiff's misrepresentation claim also fails as a matter of law. Finally, Plaintiff's state law claims are preempted by ERISA.

## **FACTS**

Plaintiff alleges that she was an employee of BCBSRI for approximately thirty-two (32) years. (Plaintiff's Verified Complaint ("Compl.") ¶ 8.) Plaintiff further alleges that BCBSRI maintains and administers an employee benefit plan, entitled The Blue Cross & Blue Shield of Rhode Island Retirement Plan (the "Plan"), which provides certain retirement benefits to its employees. (Id. ¶ 9.)

On or about May 29, 2001, BCBSRI and MassMutual entered into a Defined Benefit Services Agreement (the "Agreement"), under which MassMutual agreed to perform certain services as elected by BCBSRI and that were set forth in an Appendix to the Agreement. (Agreement ¶ A, a copy of which is attached hereto as Exhibit A). The non-discretionary services performed by MassMutual under the Agreement included, *inter alia*, providing a Toll-

Free 800 Number for Plan participants, providing account statements to Plan participants, and providing calculations of employee benefits. (Id.) The Agreement states that MassMutual is to provide "the services requested on the basis of the information received from the Plan Sponsor [(BSBSRI)] without liability for the accuracy or completeness of the provided information." (Id. ¶ C.) The Agreement further specifies that "[BCBSRI] acknowledges and stipulates that nothing in this Agreement, stated or implied, shall confer upon or delegate to MassMutual any discretionary authority with respect to the Plan or the administration of the Plan or the assets held by the Plan." (Id. ¶ E.)

During the Spring of 2003, Plaintiff alleges that she was informed by BCBSRI that her position with BCBSRI was being transitioned to another company, Perot Systems Corporation ("Perot"), as a result of a permanent reduction in workforce. (Id. ¶ 11.) On account of the transition of certain BCBSRI functions to Perot, Plaintiff and several other employees lost certain retirement, health, and life insurance benefits. (Id. ¶ 12.) However, as part of the reduction in workforce, BCBSRI entered into an agreement with Perot under which Perot would provide employment to BCBSRI employees affected by the reduction in workforce. (Id. ¶ 13.) In order for the Plaintiff to obtain employment with Perot, she alleges that she was required to sign a General Release, which contained a waiver of any claims that she may have against BCBSRI. (Id. ¶ 17.) Plaintiff alleges that her employment with Perot was contingent on signing the General Release. (Id. ¶ 18.) Plaintiff alleges that, prior to executing the General Release, she was informed by BCBSRI employees that the Plan would be applied fairly and equitably according to the terms of the Plan. (Id. ¶¶ 19 – 20.)

On April 23, 2003, Plaintiff executed the General Release. (Compl. ¶ 21.) On or about June 2, 2003, Plaintiff transitioned into her new position with Perot. (Id. ¶ 22.) Following her

transition to Perot, Plaintiff alleges that she became aware that certain employees with more than twenty-five (25) years of service were receiving more favorable treatment with respect to benefits available under the Plan. (Id. ¶ 23.) Moreover, Plaintiff alleges that certain employees who reached the age of fifty-five (55) by December 31, 2003, received special considerations in terms of increased pension benefits, healthcare coverage, and life insurance. (Id. ¶ 24.) Although Plaintiff had over thirty-two (32) years of service with BCBSRI at the time of the transition to Perot, she would not reach the age of fifty-five (55) prior to December 31, 2003. (Id. ¶ 25.) Consequently, Plaintiff alleges that she was treated unreasonably in violation of ERISA with respect to the administration of the Plan. (Id. ¶¶ 29 – 30.)

## STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine whether the complaint states any claim upon which relief could be granted. See Greene v. Rhode Island, 289 F. Supp. 2d 5, 8 (D.R.I. 2003). Accordingly, the facts alleged in the plaintiff's complaint must be taken as true, and all reasonable inferences must be drawn in her favor. See Hughes v. Rowe, 449 U.S. 5, 10 (1980); Chongris v. Bd. of Appeals of Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987). However, when it appears that the plaintiff would be unable to recover under any set of facts, the court should grant a defendant's motion to dismiss pursuant to Rule 12(b)(6). See Greene, 289 F. Supp. 2d at 8 (citing Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996)).

When ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the First Circuit has held that district courts are permitted to review the plan documents and related agreements without converting the motion into one for summary judgment. See Edes v. Verizon Comm., Inc., 417 F.3d 133, 137 n.4 (1st Cir. 2005) ("Where, as here, a complaint's factual allegations are

expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)") (internal quotation marks omitted); Beddall v. State Street Bank, 137 F.3d 12, 17 (1st Cir. 1998) (Selya, J.) (holding that district court's consideration of ERISA plan documents and related agreement "did not in itself compel the court to treat the motion before it as one for summary judgment").

## ARGUMENT

### I. MassMutual Has No Fiduciary Responsibilities With Regard To Its Involvement In The Plan.

Liability under ERISA is generally limited to parties who qualify as fiduciaries of an ERISA plan. Santana v. Deluxe Corp., 920 F. Supp. 249, 253 (D. Mass. 1996) ("ERISA contemplates actions against an employee benefit plan and the plan's fiduciaries. With narrow exception, . . . ERISA does not authorize actions against non-fiduciaries of an ERISA plan"). A party qualifies as such a fiduciary, and thus is subject to ERISA liability, if it "exercises discretionary authority in respect to, or meaningful control over, an ERISA plan, its administration, or its assets." Beddall, 137 F.3d at 13. As the First Circuit Court of Appeals has stated, "[u]nder ERISA, the existence of discretion [is] a sine qua non of fiduciary duty." Cottrill v. Sparrow, Johnson & Ursillo, Inc., 74 F.3d 20, 22 (1st Cir. 1996) (internal quotation marks omitted). A party with no discretion under an ERISA plan, whose functions under said plan are merely "clerical, mechanical, [or] ministerial," is not a fiduciary of that plan. Pohl v. Nat'l Benefits Consultants, Inc., 956 F.2d 126, 129 (7th Cir. 1992); see also Beddall, 137 F.3d at 13 ("[T]he mere exercise of physical control or the performance of mechanical administrative tasks generally is insufficient to confer fiduciary status"); Cottrill, 74 F.3d at 22; Santana, 920 F. Supp. at 254.

In the present case, MassMutual is not a fiduciary of the ERISA plan maintained by BCBSRI because it does not exercise any discretionary control or authority over the Plan. See Beddall, 137 F.3d at 13. Although MassMutual performs certain administrative services for the Plan pursuant to the Agreement, its functions under the Plan are merely ministerial, not discretionary. In fact, the Agreement between MassMutual and BCBSRI, whereby MassMutual agreed to perform certain services for BCBSRI related to the Plan, explicitly states that, "nothing in this Agreement, stated or implied, shall confer upon or delegate to MassMutual any discretionary authority with respect to the Plan or the administration of the Plan or the assets held by the Plan." (Agreement ¶ E.) Accordingly, because MassMutual has no fiduciary responsibility with regard to its involvement in the Plan, it is not subject to liability under ERISA in the instant case, and Plaintiff's ERISA claim against MassMutual must be dismissed.

## II. Plaintiff Fails To Allege Sufficient Facts To Support Her State Law Claims.

Plaintiff fails to allege any facts whatsoever to show the existence of a contract between MassMutual and the Plaintiff, and likewise fails to establish that MassMutual made any representations to Plaintiff.

Plaintiff's breach of contract claim fails as a matter of law because there is no allegation that a contract exists between MassMutual and Plaintiff. See Doyle v. Hasbro, Inc., 103 F.3d 186, 194-95 (1st Cir. 1996) (affirming the dismissal of contract claim because plaintiff failed to allege "with substantial certainty the facts showing the existence of the contract and the legal effect thereof"). Plaintiff's Complaint alleges that "Defendants have breached the terms of the Release, and their contractual obligations thereunder;" however, there is no allegation that MassMutual was a party to said Release. (Compl. ¶ 41.) Indeed, the allegations of Plaintiff's Complaint reference that the Release was entered into between the Plaintiff and BCBSRI.

(Compl. ¶¶ 17-18.) Accordingly, Plaintiff has failed to allege any facts to support her breach of contract claim and, therefore, this claim must be dismissed.

Plaintiff's misrepresentation claim also fails as a matter of law because there is no allegation that MassMutual made any representations to Plaintiff. See Bruce v. Kelly, 840 F. Supp. 935, 940 (D.R.I. 1994) (holding that, in order to prove misrepresentation claim, "the defendant made a false misrepresentation of fact"). In her Complaint, Plaintiff alleges that Defendants made certain misrepresentations to her regarding her status and treatment under the Plan, as well as their intentions relative to certain similarly-situated employees. Plaintiff further alleges that, had it not been for these misrepresentations, she would not have executed the above-referenced Release. (Compl. ¶¶ 43 – 45.) Plaintiff's Complaint makes it clear, however, that the representations that she allegedly relied upon in signing the Release were those of her Employer, BCBSRI, not MassMutual. Plaintiff's Complaint states that, "[i]n determining whether she should execute the above-referenced Release, Plaintiff relied on the material *assurances of BCBSRI authorities*." (Compl. ¶ 20) (emphasis added.) The Complaint further states that, "based upon the *representations of the Employer*, Plaintiff was induced to sign the above-referenced Release." (Compl. ¶ 21) (emphasis added.) There is no allegation that MassMutual made any representations to Plaintiff. Accordingly, Plaintiff has failed to allege any facts to support her misrepresentation claim, and this claim must also be dismissed.

**III. Plaintiff's State Law Claims Are Preempted by ERISA.**

ERISA preempts '"any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan . . . ."' Stenmark v. Bank of America, C.A. No. 05-312-ML, 2006 WL 2474871, at *2 (D.R.I. Aug. 24, 2006) (quoting 29 U.S.C. § 1144(a)) (emphasis added). A claim "relates to an employee benefit plan . . . if it has a connection with or reference to such a

plan." Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 49 (1st Cir. 2000). "A state law cause of action is expressly preempted by ERISA where a plaintiff, in order to prevail, must prove the existence of, or specific terms of, an ERISA plan." McMahon v. Digital Equip. Corp., 162 F.3d 28, 38 (1st Cir. 1998).

As this Court recently noted in Stenmark, "a cause of action relates to an ERISA plan when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability or damages under the state-law cause of action." 2006 WL 2474871 at *2 (citing Hampers, 202 F.3d at 52) (internal quotation marks omitted); see Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994) (holding that state law claim was preempted by ERISA because in order for plaintiff to prevail, the court would have to find that plan existed).

In this case, the Plaintiff's state law claims clearly relate to the Plan. With regard to both the breach of contract claim and the misrepresentation claim, the Plaintiff refers specifically to the Plan. See, e.g., Compl. ¶ 40 ("The implicit consideration inducing Plaintiff to sign the above-referenced Release, was Defendants' promise that she would be treated in a fair and consistent manner, *according to the plan(s) at issue* . . . .") (emphasis added); Compl. ¶ 44 ("Defendants' [*sic*] misrepresented to Plaintiff her status and treatment under the plan(s) at issue, . . . ."). Accordingly, because by the very allegations of the Plaintiff's Complaint this Court would have to evaluate the terms of the Plan to establish liability under state law, Plaintiff's breach of contract and misrepresentation claims are preempted by ERISA and must be dismissed.

## CONCLUSION

For the foregoing reasons, MassMutual's Motion to Dismiss all claims asserted in Plaintiff Teresa Curria's Verified Complaint should be granted.

MASSMUTUAL BENEFITS MANGEMENT, INC., MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, and MASSMUTUAL FINANCIAL GROUP

By Their Attorneys,

/s/ Stephen M. Prignano
/s/ Raymond M. Ripple

Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 31st day of October, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

/s/ Raymond M. Ripple
Raymond M. Ripple