UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TERESA CURRIA,<br>Plaintiff,<br><br>v.<br><br>BLUE CROSS & BLUE SHIELD OF RHODE ISLAND; MASSMUTUAL BENEFITS MANAGEMENT, INC.; MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; AND MASSMUTUAL FINANCIAL GROUP<br>Defendants. | ) | C.A. NO. 06-266-ML |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BLUE CROSS & BLUE SHIELD OF RHODE ISLAND'S MOTION TO DISMISS**

Defendant Blue Cross & Blue Shield of Rhode Island's ("Blue Cross") submits this Memorandum of Law in support of its Motion to Dismiss all counts of the Verified Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff alleges that Blue Cross breached its fiduciary duty towards her under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., by discriminating against her in the administration of plan benefits. Plaintiff also alleges state law claims of breach of contract and misrepresentation against Blue Cross. Blue Cross is entitled to judgment as a matter of law because plaintiff fails to allege any facts whatsoever that could establish liability on the part of Blue Cross.

First, plaintiff's state law claims are preempted by ERISA. Moreover, plaintiff's claim of discriminatory treatment in the administration of the benefits plan must fail because it is based on amendments to the Blue Cross Retirement Plan and the Blue Cross Health and Dental Insurance Plans ("the Plans") in April 2003. It is well-settled that plan sponsors who alter the terms of a plan are not fiduciaries, and therefore may not be

subject to liability for breach of fiduciary duty . That being the case, plaintiff's exclusion from early retirement benefits and post-retirement health insurance benefits, based on her failure to attain the age specified in the plan amendments, does not implicate ERISA's fiduciary duty requirement.

**FACTS**

Plaintiff was a Blue Cross employee and had been employed by Blue Cross for approximately thirty-two (32) years. Plaintiff's Verified Complaint, ¶8. Blue Cross maintains and administers an employee benefit plan entitled Blue Cross & Blue Shield of Rhode Island Retirement Plan providing certain retirement benefits to its employees. Id. ¶9. During the spring of 2003, plaintiff was informed by Blue Cross that her job duties were being transitioned to another company, Perot Systems Corporation. Id. ¶11. Plaintiff alleges that, as a result of Blue Cross' transition of certain functions to Perot Systems, she and other employees lost certain retirement benefits, paid health insurance benefits and life insurance benefits. Id. ¶12.

However, as part of Blue Cross' agreement with Perot Systems, Perot Systems would provide employment to affected Blue Cross employees who needed employment and were in the group being outsourced to Perot Systems. Id. ¶13. In order for plaintiff to obtain employment with Perot Systems, she was required to sign a general release entailing a waiver of any claim she might have against Blue Cross. Id. ¶17. Plaintiff further alleges that employment with Perot Systems was dependent upon her executing the above-referenced release. Id. ¶18.

Plaintiff alleges that prior to signing the Release she was assured by Blue Cross employees that the retirement plan would be applied fairly and legally according to its terms. Id. ¶19. Plaintiff executed the release on April 23, 2003. Id. ¶21. Plaintiff began employment with Perot Systems on or about June 3, 2003. Id. ¶22.

Plaintiff further alleges that, subsequent to that date, she learned that "certain employees with 25 or more years of service or being accorded special treatment, in certain instances, relative to retirement, healthcare benefits, and life insurance benefits." Id. ¶23. Specifically, plaintiff alleges that "certain employees who had reached the age of fifty-five (55) by December 31, 2003 … received certain special considerations and terms of increased pension benefits, healthcare coverage, and life insurance." Plaintiff had over thirty-two (32) years of service with Blue Cross, but would not reach the age of fifty-five (55) prior to December 31, 2003 as her date of birth is January 22, 1950. Id. ¶ 25.

On May 27, 2003, Blue Cross amended its retirement plan to make certain employees eligible for early retirement benefits, and also amended its health and dental insurance plan to make certain employees eligible for post-retirement health insurance benefits. In order to be eligible for those benefits under the amendments, the employee must have satisfied the following conditions:

> (1) as of January 1, 2003 the employee had not both completed 25 years of service and reached his or her fifty-fifth (55th) birthday;
>
> (2) the employee must be terminated involuntarily as an employee in 2003 and accept an offer of employment from Perot Systems, Inc.;
>
> (3) the employee would have, by December 31, 2003, both reached his or her fifty-fifth (55th) birthday and completed twenty-five (25) years of service, but for the termination; and
>
> (4) the employee must not terminate service with Perot Systems before the date he or she would have reached his or her fifty-fifth (55th ) birthday and completed twenty-five (25) years of service but for the termination from the Corporation.

See Blue Cross & Blue Shield of Rhode Island Retirement Plan Amended No. 3-Window Benefit, a copy of which is attached hereto as Exhibit A, and the Health and Dental Insurance Plans for Employees and Retirees of Blue Cross & Blue Shield of Rhode Island And Coordinated Health Partners, Inc., Amendment regarding 2003 Window Benefit, a copy of which is attached hereto as Exhibit B.

Plaintiff alleges that her failure to receive the treatment referenced in paragraphs 23 and 24 of the Complaint, i.e., the fact that she would not be eligible for early retirement benefits and post-retirement health insurance due to the terms of the amendments to the Plans, constitute a violation of ERISA with respect to the administration of the Plans. Complaint ¶¶29-30. Therefore, plaintiff complains not that she was denied benefits due, but that Blue Cross did not draft the Plan amendments so as to make her eligible for early retirement benefits and for post-retirement health insurance benefits.

## STANDARD OF REVIEW

In ruling on a motion to dismiss a complaint pursuant to Rule 12(b)(6), the Court may grant the motion "only when the allegations are such that 'the party can prove no set of facts to support [the] claim for relief.'" Clorox Company P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 3 (1st Cir. 2000), quoting Rockwell v. Cape Cod Hospital, 26 F.3d 254, 260 (1st Cir. 1994). The First Circuit has ruled that, when ruling on a motion to dismiss pursuant to Rule 12(b)(6), district courts are permitted to review the plan documents and related agreements without converting the motion into one for summary judgment. Edes v. Verizon Communications, Inc., 417 F.3d 133, 137, n. 4 (1st Cir. 2005)("where, as here, a complaint's factual allegations are expressly linked to – and admittedly dependent on – a document (the authenticity of which is not challenged), the

document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)")(internal quotation marks omitted); Beddall v. State Street Bank, 137 F.3d 12, 17 (1st Cir. 1998)(district courts consideration of ERISA plan documents and related agreement "did not in itself compel the court to treat the motion before it as one for summary judgment").

## ARGUMENT

### I. Plaintiff's State Law Claims are Pre-Empted by ERISA.

Section 514(a) of ERISA pre-empts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan..." 29 U.S.C. § 1144(a). With respect to pre-emption of state common law claims, a two-part inquiry governs: (1) whether the claim is "related to an employee benefit plan" and if so, (2) "whether there was an exception under ERISA that precludes preemption of the state law." Devlin v. Transportation Comm. International Union, 173 F.3d 94, 101 (2d Cir. 1999). The "related to" is met where the "cause of action makes specific reference to, and indeed is premised on, the existence of a... plan." Ingersoll-Rand Co. v. McClendan, 498 U.S. 133, 138 (1988)(preempting state cause of action for wrongful discharge premised on firing because of proximity to vesting of pension benefits). "Under this 'broad common-sense meaning,' a state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to effect such plans, or the effect is only indirect." Id. (quoting Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41, 47, 107 S.Ct. 1549, 1553 (1987)). In other words, ERISA will be found to preempt state law claims if the trier of fact necessarily would be required to consult the ERISA plan to resolve the

plaintiff's claims. Harris v. Harwood Pilgrim Healthcare Inc., 208 F.3d 274, 281 (1st Cir. 2000).

In Utility Workers, Local 369 v. NStar Electric and Gas Corp., 317 F.Supp. 2d 69 (D.Mass. 2004), the Court found that plaintiff's state law breach of contract and misrepresentation claims both related to NStar's alleged representation that the plaintiff's benefit plans would not change. Id. at 72. Indeed, that is the same allegation that plaintiff here makes. The Court further found that those claims for breach of contract and misrepresentation necessarily have "a connection with or reference to" the benefit plan itself. Id.

For the same reasons, plaintiff's breach of contract and misrepresentation claims here, which relate to Blue Cross' alleged representation that the plans would be administered fairly and equitably according to their terms, are preempted because they necessarily have a connection with or reference to the benefit plans themselves.

## II. Blue Cross Did Not Violate Any Fiduciary Duty Under ERISA When It Amended Plan Terms.

Plaintiff claims that Blue Cross discriminated against her when it allowed employees who would reach the age of fifty-five (55), and had completed twenty-five (25) years of service, by December 31, 2003, to be eligible for pension benefits and healthcare coverage. Complaint ¶24. It appears from the complaint that plaintiff relies on 29 U.S.C. §1132(a)(1)(B) as the basis of her ERISA claim. That section provides that a civil action may be brought by a plan participant "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Only fiduciaries are subject to ERISA's statutory duties which relate to the proper management, administration and investment of fund assets, the maintenance of proper records, the disclosure of specified

information and the avoidance of conflicts of interest. In re Luna, 406 F.3d 1192 (10th Cir. 2005).

The Supreme Court has made it abundantly clear that employers who amend the terms of their benefit plans are not subject to liability based on the fact of the amendments. "Plan sponsors who alter the terms of a plan do not fall into the category of fiduciaries. As we said with respect to the amendment of welfare benefit plans in Curtiss-Right Corp. v. Schoonejongen, 514 U.S. 73, 115 S.Ct. 1223 (1995), '[e]mployers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans.' Id. at 78, 115 S.Ct. at 1228 (citation omitted). When employers undertake those actions they do not act as fiduciaries. Id. at 78, 115 S.Ct at 1228, but are analogous to the settlors of a trust. (Citation omitted)." Lockheed Corporation v. Spink, 517 U.S. 882, 890, 116 S.Ct. 1783, 1789 (1996). In Lockheed, the Supreme Court reversed the Ninth Circuit Court of Appeals' reversal of the district court's grant of the employer's motion to dismiss for failure to state a claim.

Similarly, in Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 119 S.Ct. 755 (1999), the Supreme Court essentially affirmed the district court's grant of a motion to dismiss for failure to state a claim in an action grounded in the employer's amendment of an ERISA plan. In Hughes, the Court noted that plan amendments did not implicate fiduciary obligations applied to pension benefit plans, welfare benefit plans, "a contributory plan, a non-contributory plan, or any other type of plan." Id. at 443, 444, 119 S.Ct. at 763. The Court further stated that:

> In general, an employer's decision to amend a pension plan concerns the composition or design of the plan itself, and does not implicate the employer's fiduciary duties which consist of such actions as the administration of Plan's assets. See Id. at 890, 116 S.Ct. 1783. ERISA's fiduciary duty requirement simply is not implicated where Hughes, acting as the Plan's settler, makes a decision regarding the form or structure of the Plan, such as who is

> entitled to receive plan benefits and in what amounts or how such benefits are calculated.

Id. at 444, 119 S.Ct. at 763.

In Campbell v. BankBoston, N.A., 327 F.3d 1 (1st Cir. 2003), plaintiff challenged the denial of severance plan benefits under 29 U.S.C. 1132 (a)(1)(B). On July 20, 1998, BankBoston announced the sale of its domestic institutional custody business to Investors' Bank & Trust (IBT). The agreement with BankBoston required IBT to offer comparable jobs to all BankBoston custody employees. BankBoston announced that it would treat a refusal to accept a position with IBT as a "voluntary resignation" under the separation pay plan previously adopted by the bank, thus denying the severance package to those employees who did not accept a job with IBT. Indeed, the Plan Administrator amended the separation pay plan in 1998 to exclude those who refused an offer of employment from "an employer who acquires any of the assets or operations of a BankBoston company or business." Id. at 3-4. Campbell was offered, but refused, a position at IBT, and was thus denied payment under the severance plan. Relying on the decisions of the United States Supreme Court in Lockheed Corp. v. Spink and Hughes Aircraft Co. v. Jacobson, the First Circuit affirmed the dismissal of plaintiff's claim:

> Because the Plan Administrator was not acting as a fiduciary when she amended the severance plan, and because employers have the right to amend or end a welfare benefit plan at any time, the September 30, 1998 amendment to BankBoston's separation pay plan was proper....it was not a violation of ERISA for Campbell not to have been paid benefits under the separation pay plan.

Id. at 7. See also Ramos v. Baxter Healthcare Corp. of Puerto Rico, Inc., 256 F.Supp. 2d 127, 149 (employer's decision not to extend early retirement point system used in the United States to employees of Puerto Rico's subsidiary was not a breach of fiduciary duty under ERISA).

For the same reasons, Blue Cross' decision to amend its retirement plan and its health and dental insurance plan to provide early retirement benefits and post-retirement health insurance only to those who satisfied certain conditions, including that they have completed twenty-five (25) years of service with Blue Cross and have reached their fifty-fifth (55th) birthday by December 31, 2003, was not a breach of fiduciary duty and therefore cannot result in liability to Blue Cross.

## CONCLUSION

For the foregoing reasons, Defendant Blue Cross and Blue Shield of Rhode Island respectfully request that this Court dismiss all counts of the Verified Complaint, along with such other and further relief that the Court deems just and proper.

Defendant,
BLUE CROSS & BLUE SHIELD
OF RHODE ISLAND,

By its attorney,

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Nixon Peabody LLP
One Citizens Plaza – 5th Floor
Providence, RI 02903

Dated: November 13, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I served via electronic mail and by regular mail, postage prepaid a true and accurate copy of the within Memorandum of Law In Support Of Defendant Blue Cross & Blue Shield Of Rhode Island's Motion To Dismiss to Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903 and to Stephen Prignano, Esq., Edwards & Angell, One Financial Plaza, Suite 2800, Providence, RI 02903 this 13th day of November, 2006.

/s/ Neal J. McNamara