UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TERESA CURRIA,
Plaintiff,

v. C.A. NO. 06-266 ML

BLUE CROSS & BLUE SHIELD
OF RHODE ISLAND; MASSMUTUAL
BENEFITS MANAGEMENT, INC.;
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY; AND
MASSMUTUAL FINANCIAL GROUP,
Defendants.

DEFENDANT BLUE CROSS AND BLUE SHIELD OF RHODE ISLAND'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS

Defendant Blue Cross & Blue Shield of Rhode Island ("Blue Cross") submits this Reply Memorandum in further support of its Motion to Dismiss all counts of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**COUNT I - ERISA**

Plaintiff has completely ignored the United States Supreme Court decisions cited by defendant which hold that employers and plan sponsors do not act as fiduciaries within the meaning of ERISA, and therefore are not subject to ERISA fiduciary liability, when they amend pension plans. *See Lockheed Corp. v. Spink*, 517 U.S. 882, 890, 116 S.Ct. 1783, 1789 (1996); and *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443-44, 119 S.Ct. 755, 763 (1999). The case law cited by plaintiff, to the effect that the principle applies to amendment of welfare benefit plans, but not pension benefit plans, pre-date the Supreme Court cases and are no longer good law. Count I should be dismissed based on the Supreme Court precedents cited.

In an attempt to avoid such dismissal, plaintiff argues, for the first time, that Count I is an ERISA discrimination claim under 29 U.S.C. §1140. See Memo in Opposition, pp. 9-10. The statute provides, in part, that

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act....

Plaintiff's argument must fail. First, there is not even a reference to 29 U.S.C. §1140 in the Complaint. Moreover, it is well settled that §1140 "protects plan participants from termination motivated by an employer's desire to prevent a pension from vesting… ." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 143, 111 S.Ct. 478, 485 (1990). To prevail on a claim under §1140, a plaintiff must show "that the alleged discrimination was designed either to retaliate for the exercise of a right or to interfere with the attainment of an entitled right. It is insufficient merely to allege discrimination in the apportionment of benefits under the terms of the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 91, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983).

Nothing in the statute supports an argument that §1140 limits the discretion afforded employers in the creation or amendment of ERISA plans. Section 1140 relates to discriminatory conduct directed against individuals, not to actions involving the plan in general. Therefore, the logic of *Lockheed* and *Hughes Aircraft, supra*, that employers and plan sponsors retain broad discretion in amending ERISA pension plans and do not act as fiduciaries within the meaning of ERISA when they amend such plans, applies equally to claims under §1140.

The Eleventh Circuit noted in *Owens v. Storehouse, Inc.*, 984 F.2d 394, 398 (11th Cir. 1993) that §1140 "targets discriminatory conduct designed to interfere with the exercise or attainment of vested or other rights under the plan or ERISA. … It does not broadly forbid all forms of discrimination." In *Haberen v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan*, 24 F.3d 1491, 1502 (3d Cir. 1994), plaintiff alleged that the amendment of a plan to eliminate life insurance benefits for individuals over 56, which affected only him, and the tripling of the face amount of the life insurance policies for two other employees, violated §1140. The Court disagreed, holding that the statute "prohibits discrimination against a plan participant for the purpose of interfering with the attainment of plan rights, it does not prohibit plan amendments which affect only one person."

The issue here is that Blue Cross amended the Plan in a way that plaintiff claims discriminated against her. Therefore, following the logic of *Lockheed* and *Hughes Aircraft*, *supra*, that employers and plan sponsors do not act as fiduciaries within the meaning of ERISA when they amend pension plans, plaintiff's ERISA claim should be dismissed.

**COUNTS II AND III – BREACH OF CONTRACT AND MISREPRESENTATION**

Defendant Blue Cross also moved to dismiss Counts II and III of the Complaint alleging causes of action for breach of contract and misrepresentation based on preemption of those claims by ERISA pursuant to 29 U.S.C. § 1144(a). The facts upon which plaintiff bases her claims for breach of contract and misrepresentation relate directly to alleged promises made to plaintiff with respect to administration of the Blue Cross retirement plan in which she was a participant. See Complaint ¶¶19, 40 and 43.

Plaintiff argues generally that not all state claims raised in the same complaint as an ERISA claim are necessarily preempted, but fails to articulate in any way how the facts alleged in this particular case militate against preemption here. Plaintiff cites two cases, *Darcangelo v. Verizon Communications, Inc*., 292 F.3d 191 (4th Cir. 2002), and *Miara v. First America Financial Life Ins. Co.*, 379 F. Supp.2d 20 (D.Mass. 2005), neither of which bears the slightest resemblance to the instant case. For example, in *Darcangelo,* the court found that an employee's state law claims alleging negligence, invasion of privacy, and the violation of medical records confidentiality and unfair and deceptive trade practices statutes did not relate to an ERISA plan, and thus were not preempted. Plaintiff alleged that the plan administrator was not acting in the course of performing administrative duties under the plan when it solicited plaintiff's private medical information for the sole purpose of helping the employer establish that plaintiff posed a sufficient threat to her coworkers to warrant discharge. 292 F.3d at 188-194. The court also found, however, that the breach of contract claim was preempted by ERISA because the contract at issue was the ERISA plan. *Id.* at 194. In *Miara*, the Court found that state law claims relating to alleged misrepresentations regarding an ERISA plan were not preempted because the defendants were not ERISA entities, but were an insurance agent and agency. 379 F. Supp. 2d at 57-66.

Indeed, plaintiff's primary argument seems to be that Counts II and III should not be held to be preempted by ERISA because there has not yet been discovery. However, whether or not ERISA preempts a state law claims depends on "(1) whether the plan at issue is an 'employee benefit plan' and (2) whether the cause of action 'relates to' this Employee Benefit Plan." *Hampers v. W.R. Grace & Co.*, 202 F.3d 44, 49 (1st Cir. 2000). Plaintiff does not dispute that the Blue Cross plan meets the first requirement since she has sued under that statute. Moreover, she

does not offer any argument as to how her causes of action for breach of contract and misrepresentation do not relate to that Plan, but instead argues hopefully that discovery will save those claims from preemption.

It is undeniable from a clear reading of the Complaint that plaintiff's allegations with respect to her claims of breach of contract and misrepresentation relate directly to the administration of an ERISA Pension Plan. That being the case, as defendant Blue Cross has already demonstrated in its initial memorandum of law, Counts II and III of the Complaint are preempted by ERISA. *Harris v. Harvard Pilgrim Healthcare, Inc*. 208 F.3d 274 (1st Cir. 2000), *Carlo v. Reed Rolled Thread Dye Co.*, 49 F.3d 790 (1st Cir. 1995); *Utility Workers Local 369 v. NStar Electric and Gas Corp.*, 317 F. Supp. 2d 69 (D. Mass. 2004); and *Keiffer v. The Shaw Group Inc.*, 2006 WL 1982684 (D.Mass.).

**CONCLUSION**

For the foregoing reasons, defendant Blue Cross respectfully requests that the Court grant its Motion to Dismiss all counts of the Complaint, along with such other and further relief as the Court deems just and proper.

Defendant,
BLUE CROSS & BLUE SHIELD
OF RHODE ISLAND,

By its attorney,

/s/ Neal J. McNamara____
Neal J. McNamara (#4249)
Nixon Peabody LLP
One Citizens Plaza – 5th Floor
Providence, RI 02903

Dated: January 24, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that I served via electronic mail and by regular mail, postage prepaid a true and accurate copy of the within Reply Memorandum in Support of Motion of Defendant Blue Cross & Blue Shield Of Rhode Island's To Dismiss to Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903 and to Stephen Prignano, Esq., Edwards & Angell, One Financial Plaza, Suite 2800, Providence, RI 02903 this 24th day of January, 2007.

/s/ Neal J. McNamara