UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TERESA CURRIA,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS & BLUE SHIELD OF RHODE ISLAND; MASSMUTUAL BENEFITS MANAGEMENT, INC.; MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; AND MASSMUTUAL FINANCIAL GROUP,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-266-ML |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS MASSMUTUAL BENEFITS MANAGEMENT, INC.'S, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S AND MASSMUTUAL FINANCIAL GROUP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants MassMutual Benefits Management, Inc., Massachusetts Mutual Life Insurance Company and MassMutual Financial Group (collectively, "MassMutual") submit this Reply Memorandum in support of their Motion to Dismiss Plaintiff Teresa Curria's ("Plaintiff") Complaint. In her Opposition, Plaintiff attempts to defeat MassMutual's motion by relying on imagined facts that are not plead in her Complaint, and on arguments that are clearly not supported by the legal authority cited. Indeed, Plaintiff's Complaint is virtually devoid of any factual allegations whatsoever concerning MassMutual. After identifying MassMutual as party, MassMutual is not again specifically mentioned in the Complaint, all of the factual allegations relate expressly to the conduct of BCBSRI, and there are no allegations that MassMutual did anything whatsoever warranting it being named as a defendant. Here, it is evident that

MassMutual's inclusion in the Complaint appears as an apparent afterthought. Accordingly, in the absence of allegations supporting a cognizable claim for relief, Plaintiff's threadbare Complaint simply cannot survive a motion to dismiss. See Redondo-Borges v. U.S. Dep't of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005) (holding that a court need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when rendering a decision on motion to dismiss pursuant to Rule 12(b)(6)).

## I. Plaintiff Has Failed to Plead Sufficient Facts to Establish That MassMutual is a Fiduciary With Respect to the Plan.

By the Plaintiff's own admission, fiduciary status under ERISA is limited to entities that exercise "discretionary functions" with respect to the administration of a plan. (Plaintiff's Opposition to MassMutual's Motion to Dismiss ("Opposition") at 8) (quoting Custer v. Sweeney, 89 F.3d 1156, 1161 (4th Cir. 1996)). Nonetheless, despite MassMutual's reference to its Defined Benefit Services Agreement ("Agreement") with BCBSRI that specifically states MassMutual has no discretionary authority with respect to the Plan, Plaintiff fails to direct the Court to a single fact or allegation in the Complaint that shows MassMutual had such discretionary authority. Instead, Plaintiff's Opposition relies entirely on speculation and conjecture to support her ERISA claim.

Thus, for instance, Plaintiff claims that it is her "good faith belief" that MassMutual acted in concert with BCBSRI regarding decisions affecting her benefits. (Opposition at 9). This claim, however, is not alleged anywhere in the Complaint. Moreover, absolutely no facts are alleged to show that MassMutual acted in concert with BCBSRI or otherwise participated in the challenged conduct. The lack of sufficient allegations are further made plain by Plaintiff's assertion that MassMutual's "administrative functions . . . may or may



PRV_861240_1/SPRIGNANO

not prove to have been fiduciary in nature." (Emphasis added). Not only has Plaintiff failed to allege that MassMutual acted in a fiduciary capacity, Plaintiff has failed to identify any facts indicating how MassMutual's administrative functions were discretionary or fiduciary in nature.

Here, the Complaint is completely devoid of any allegations that could lead one to conclude that MassMutual's administrative functions created a fiduciary obligation. Indeed, Plaintiff's admission that any misrepresentations in this case were made by BCBSRI (and not by MassMutual) makes plain that MassMutual was not involved in any discretionary decisions with respect to the Plan. (Plaintiff's Opposition at 5). Plaintiff fails to cite any case law to support her argument that allegations of an entity's non-discretionary, administrative functions with regard to a Plan are sufficient to support or establish a party as a fiduciary under ERISA. As the First Circuit has noted, such functions are insufficient to establish a fiduciary relationship. See, e.g., Beddall v. State Street Bank, 137 F.3d 12, 13 (1st Cir. 1998). Accordingly, Plaintiff's ERISA claim against MassMutual should be dismissed.

**II. Plaintiff Has Not Plead Sufficient Facts to Support Her State-Law Claims.**

As with her ERISA claim, in order to elevate her state-law claims over the Rule 12(b)(6) hurdle, Plaintiff relies on facts and assumptions to support her state-law claims that are not asserted in the Complaint. In fact, with respect to her misrepresentation claim, Plaintiff actually concedes in her Opposition that "it is true that the actual misrepresentations in this case emanated from BSBSRI authorities, and not directly from MassMutual . . . ." (Opposition at 5) (emphasis added). Therefore, there is no basis for a misrepresentation claim against MassMutual. See Bruce v. Kelly, 840 F. Supp. 935, 940

(D.R.I. 1994) (holding that, in order to prove a misrepresentation claim, "the defendant made a false misrepresentation of fact").

Plaintiff nonetheless argues that Defendants were "so closely intertwined" that they are jointly and severally liable for each other's misdeeds. Joint and several liability, however, is not a separate, cognizable claim for relief and cannot support an action against MassMutual absent a substantive claim for relief. See Fraioli v. Lemcke, 328 F. Supp. 2d 250, 269-70 (D.R.I. 2004) (holding that "joint and several liability is a request for relief or a rule of contribution: it is not a cause of action."). Moreover, Plaintiff fails to set forth any facts in her Complaint that supports this relationship, that MassMutual was the agent of BCBSRI, or that MassMutual made any misrepresentations to Plaintiff. See id. at 269-70 (holding that misrepresentation claim fails as a matter of law because it fails to set forth any facts to show that a representation was made by the defendant to the plaintiff, or the existence of an agency relationship). Further, even if Plaintiff had alleged that MassMutual was the agent of BCBSRI, it would not help the Plaintiff's misrepresentation claim. Here, Plaintiff concedes in her Opposition that it is BCBSRI (the alleged principal) that made the misrepresentation, and not MassMutual. In this situation, Plaintiff has proferred no authority for the proposition that an agent would be responsible for the actions of its principal. Accordingly, for the foregoing reasons, Plaintiff's misrepresentation claim fails as a matter of law.

With respect to the breach of contract claim, Plaintiff's Opposition indicates that she appears to be relying on a third party beneficiary theory; however, this theory is not asserted in her Complaint and she has plead no facts to support it. The Complaint merely alleges that MassMutual and BCBSRI are parties to the Agreement and, separately, that



PRV_861240_1/SPRIGNANO

Plaintiff and BSBSRI executed a General Release relating to her transition to Perot Systems. There are no allegations that MassMutual owed any type of contractual duty whatsoever to the Plaintiff. Moreover, to the extent that Plaintiff relies on the Agreement between BCBSRI and MassMutual to support her third party beneficiary allegations, the breach of contract claim would clearly "relate to" an ERISA plan and therefore be preempted (see discussion below). Plaintiff's breach of contract claim therefore fails as a matter of law.

## III. It Would Not be Premature For This Court To Find The Plaintiff's State-Law Claims Are Preempted by ERISA.

Plaintiff contends that MassMutual's argument that her state law breach of contract and misrepresentation claims are preempted by ERISA is premature, given that she has yet to have the opportunity to conduct discovery. To support her argument, Plaintiff relies on case law for the proposition that not all claims against an ERISA administrator are automatically preempted. These cases, however, do not stand for the broad proposition cited, and actually undercut the Plaintiff's argument. In this connection, Plaintiff's reliance on Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833 (1988) for the proposition that "many lawsuits . . . are not preempted, even though these suits obviously affect and involve ERISA plans" is misplaced. The Supreme Court held in Mackey that claims unrelated to an ERISA plan "such as unpaid rent, failure to pay creditors, or even torts [,(such as libel),] committed by an ERISA plan" are not preempted by ERISA. 486 U.S at 833. The state-law claims in this case, however, are not the type of unrelated claims addressed by the Supreme Court in Mackey.

Here, Plaintiff alleges claims for breach of contract and misrepresentation that clearly "relate to" an ERISA plan. In fact, the Complaint specifically alleges that these

claims stem from conduct relating to the plan. Thus, to support her breach of contract claim, Plaintiff alleges that "the implicit consideration inducing Plaintiff to sign the above-referenced Release, was Defendants' promise that she would be treated in a fair and consistent manner, according to the plan(s) at issue, and like all other similarly situated employees." (Compl. at ¶ 40) (emphasis added). Moreover, to support her misrepresentation claim, Plaintiff alleges that defendants "misrepresented to Plaintiff her status and treatment under the plan(s) at issue, and their intentions relative to certain similarly-situated employees." (Compl. at ¶ 44). Accordingly, not only do the Plaintiff's state law allegations specifically refer to the plan, but it is evident from the allegations that a fact-finder will have to consult the plan in order to evaluate Plaintiff's claims. These are precisely the type of claims that courts have held "relate to" ERISA. See McMahon v. Digital Equip. Corp., 162 F.3d 28, 38 (1st Cir. 1998) (holding state law claims to be preempted by ERISA when a plaintiff must prove the existence of the terms of a plan in order to prevail).

State law claims nearly identical to the Plaintiff's claims recently were found to be preempted in Engler v. Cendant Corp., 380 F. Supp. 2d 136 (E.D.N.Y. 2005). In Engler, the plaintiff, a long-time employee of Cendant, received an offer along with other employees to work for IBM as part of an outsourcing agreement between Cendant and IBM. In conjunction with the offer of employment, the plaintiff entered into an agreement and general release not to sue Cendant. Among other things, the general release referenced benefits, including retirement and profit sharing, relating to the outsourcing. The general release also indicated that if IBM were to terminate the plaintiff's employment during the two years of employment, plaintiff would be entitled to severance pay based on combined

service at Cendant and IBM. After more than two years of employment with IBM, plaintiff was terminated and, pursuant to the general release, his proposed severance pay did not credit his service at Cendant. Plaintiff later brought suit for misrepresentation and breach of contract against Cendant. Cendant moved to dismiss the complaint on the grounds that they were preempted by ERISA because they related to Cendant's ERISA plan. The Court held:

> [I]n order to determine whether Cendant is liable for making a false representation, the Court would be required to inquire as to Engler's status under the IBM ERISA plan. Moreover, the Court would need to determine whether the alleged outsourcing agreement between Cendant and IBM affected, fell under, or was separate and apart from the IBM ERISA plan. All of these determinations sufficiently "relate to" the ERISA plan so as to find ERISA preemption.
>
> Furthermore, the state-law clams that the Plaintiff seeks to bring against Cendant would, in effect, supplement an ERISA remedy by providing compensation beyond the value of the services to which the Plaintiff believes he is entitled to. The additional damages the Plaintiff could be entitled to would include consequential and punitive damages. For all these reasons, the Court finds that the Plaintiff's state law causes of action are preempted and dismisses the claims against Cendant under Rule 12(b)(6).

380 F. Supp. 2d at 141-42.

As in Engler, Plaintiff's claims stem from alleged misrepresentations[1] relating to the entry of a general release that relates to her status under an ERISA plan. Moreover, like the plaintiff in Engler, Plaintiff requests damages that not only relate to an ERISA plan, but also may supplement compensation to which she may have been entitled under an ERISA plan. (Plaintiff's Prayer for Relief at ¶¶ (b), (c), and (g)). Therefore, as plead in

[1] Importantly, as noted above, Plaintiff actually concedes that these alleged misrepresentations were not made by MassMutual.


PRV_861240_1/SPRIGNANO

the Complaint, Plaintiff's state-law claims clearly "relate to" the plan and are preempted by ERISA.

**Conclusion**

For the foregoing reasons, this Court should grant MassMutual's Motion to Dismiss.

MASSMUTUAL BENEFITS MANAGEMENT, INC., MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, and MASSMUTUAL FINANCIAL GROUP

By their Attorneys,

/s/ Stephen M. Prignano
Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 25th day of January, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

Stephen T. Fanning, Esq.
Law Office of Stephen T. Fanning
305 South Main Street
Providence, RI 02903
stephenfanning@msn.com

Neal J. McNamara, Esq.
Nixon Peabody LLP
One Citizens Plaza, 5th Floor
Providence, RI 02903
nmcnamara@nixonpeabody.com

/s/ Stephen M. Prignano
Stephen M. Prignano